IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DONNIE G. RUBELL, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 7:09-CV-071-O-KA |
| | ) | |
| FEDEX GROUND PACKAGE SYSTEM, | ) | |
| *et al.*, | ) | |
|     Defendants. | ) | |

FINDINGS AND RECOMMENDATION

This action comes before the undersigned by reason of the District Court's referral of the case for pre-trial management and for the handling of non-dispositive motions. Plaintiff is proceeding *pro se* and seeks leave to proceed *in forma pauperis*. Upon review of Plaintiff's litigation history, the Court has determined that, in 1998, Plaintiff was sanctioned by the Fifth Circuit Court of Appeals in *Rubell v. Edward Blank Associates, et al.*, No. 98-10102 (5th Cir. 1998). In its judgment, which was filed on August 3, 1998, the Fifth Circuit assessed $200 in attorney fees and double costs to be paid by Rubell to the Defendant in that action, Edward Blank Associates. The Court further ordered that the case was "remanded to the District Court with instructions to the District Court Clerk not to accept further filings from Donnie G. Rubell until he has offered satisfactory proof to the court that said damages and costs have been paid."

Upon review of the docket sheet in *Rubell v. Edward Blank Associates, et al.*, No. 98-10102 (5th Cir. 1998) and the docket sheet in *Rubell v. Edward Blank Associates, et al.* No. 4:97-CV-1035-A (N.D. Tex. 1997), there was no indication that the sanctions imposed by the Fifth

Circuit had been satisfied.  Accordingly, on June 2, 2009, Plaintiff was ordered to "file satisfactory proof which demonstrates to this Court that the costs and fees imposed by the Fifth Circuit have been paid."  Plaintiff was admonished that failure to comply with the order would subject this action to a recommendation that the case be dismissed.

On June 4, 2009, Plaintiff filed his "Response to Order" wherein he states that he has attached proof that the fees imposed by the Fifth Circuit have been paid.  Attached to the response is a copy of a receipt for a money order in the amount of $200.  Handwritten on the receipt, or on the copy of the receipt, is the case number "4:97-CV-1035-A" and "USCA Case Number 98-10102."  However, the "Payable to" line on the money order copy is blank.  Such evidence is not sufficient to show actual payment of the fees.  Moreover, Plaintiff has not submitted any proof to demonstrate that he paid the double costs assessed by the Fifth Circuit.  Absent satisfactory proof of payment of all fees, Plaintiff is prohibited from filing in this Court.

For the foregoing reasons it is recommended that this action be dismissed without prejudice.

A copy of this recommendation shall be transmitted to Plaintiff.

SO ORDERED this 15th day of June, 2009.

                                                     **Robert K. Roach**
                                                     **UNITED STATES MAGISTRATE JUDGE**

## **NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.